IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. Geoffrey R. McIntyre,<br>1501 N. Highview Lane, #114,<br>Alexandria, VA 22311,<br><br>   Plaintiff,<br><br>v.<br><br>Norman Y. Mineta,<br>Secretary,<br>United States Department of Transportation,<br>400 7th Street, S.W.,<br>Washington, D.C. 20590,<br><br>   Defendant. | Civil No. _____<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

COMES NOW Plaintiff Dr. Geoffrey McIntyre ("Plaintiff" or "Dr. McIntyre"), by and through undersigned counsel, and files this Complaint against Norman Y. Mineta, Secretary, United States Department of Transportation, ("Defendant" or "DOT"), alleging as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f), et seq., as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., ("ADEA"), to redress and enjoin employment practices of the Defendant in violation of these statutes.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3) with regard to the Defendant because the Defendant resides in this District and a substantial part of the events or omissions giving rise to these claims

occurred in this District. Defendant does business in the District of Columbia, the business records of Defendant are maintained in the District of Columbia, many of the unlawful practices described herein occurred in the District of Columbia, and Dr. McIntyre worked in the District of Columbia.

## PARTIES

3. **Plaintiff Dr. Geoffrey McIntyre**, is a 63 year-old African-American, male resident of Virginia. Dr. McIntyre has a Ph.D. in Public Administration & Transportation from New York University, earned in 1978. Dr. McIntyre has been employed at the DOT since 1978 and since 1988 has been a GS-15 with the Federal Aviation Administration ("FAA"), a division of the DOT. Dr. McIntyre is currently a Program Analyst, GS-343-15, assigned to the Washington Headquarters Region, FAA Office of System Safety (ASY-300).

4. **Defendant Norman Mineta** is the Secretary of the United States Department of Transportation, which is a departmental agency in the Executive Branch of the United States Government. The DOT is divided into thirteen operating administrations and bureaus overseeing and regulating various aspects of transportation in the United States. The FAA is one of the operating administrations of the DOT.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On April 10, 2003, Dr. McIntyre timely contacted the FAA's Office of Civil Rights and requested EEO counseling. On May 23, 2003, the Defendant issued Dr. McIntyre a Notice of Final Interview and Right to File a Discrimination Complaint. On June 10, 2003, Dr. McIntyre timely filed a formal Complaint of discrimination based on his race, African-American, his color, black, his age, 61, and retaliation for having

engaged in protected activity. On February 4, 2005, the Defendant issued a Final Agency Decision, dismissing Dr. McIntyre's EEO Complaint and advising him of his right to file a civil complaint with 90 days. Dr. McIntyre hereby timely files a civil complaint.

## STATEMENT OF FACTS

6. Dr. Geoffrey McIntyre is a 63 year-old African-American male. He has been employed at the DOT since 1978 and the FAA, a division thereof, since 1988.

7. Dr. McIntyre is one of the world's foremost authorities on safety management principles. He has been working in this field since 1978, when he received his Ph.D. in Public Administration & Transportation from New York University. He has been working in the Office of System Safety, System Safety Engineering and Analysis Division since 1996.

8. Dr. McIntyre's work has been published extensively. Several of Dr. McIntyre's technical writings have been published in prestigious journals throughout Europe and the United States. Dr. McIntyre also authored a textbook on Aviation Safety, entitled *Patterns in Safety Thinking: A Literature Guide to Air Transportation Safety*, which met with wide acclaim and is currently being used worldwide. Additionally, Dr. McIntyre initiated and produced an electronic newsletter on Safety Risk Assessment, which he continues to publish. This newsletter has achieved a wide circulation among individuals in seven countries.

9. Dr. McIntyre's stature in the field of safety management is well established. Dr. McIntyre has been appointed to represent the FAA and is sought by outside organizations to participate in and chair panels at conferences in numerous countries around the world, including Russia, Germany and Italy. Additionally, Dr.

McIntyre served as the FAA's Designated Representative to the board of the RTCA (a government-industry Federal Advisory Committee for international avionics), has been a member of the RTCA's Management Committee, and a Program Manager for the Marine Terminals Program. Dr. McIntyre also served as a Senior Advisor in developing a mandatory FAA Academy course, which included a segment on safety information systems. Dr. McIntyre later received an award from Flight Standards, in recognition of the role which he played in developing the course.

10. Despite his credentials, from 1988 to the present, Dr. McIntyre's applications for a number of supervisory positions have been rejected in favor of less-qualified white employees. Dr. McIntyre has filed Equal Employment Opportunity ("EEO") complaints to protect his civil rights and combat discrimination at the FAA. Dr. McIntyre incorporates by reference herein all of those EEO Complaints.

11. On April 23, 2003 Dr. McIntyre was informed that he had been rejected for two Supervisory K-Band level promotions for which he had applied. Upon knowledge and belief, less-qualified, substantially younger white applicants were selected to fill both positions.

12. On January 21, 2003, the Defendant posted two Supervisory Aviation Technical Systems Specialist, FV-2186-K, Team Lead positions. The application procedure for these positions consisted of a written response detailing the applicant's qualifications, an interview with an independent panel to assess the applicant's leadership potential, and an interview with Selecting Official, Mr. Wesley Timmons ("Mr. Timmons"). Dr. McIntyre submitted his application for the two positions on January 27, 2004, and was deemed qualified. He was interviewed by the panel on March 31, 2004

and by Mr. Timmons on April 14, 2004. In his interview with Mr. Timmons, Dr. McIntyre advised Mr. Timmons that he would like to be considered for either position.

13. The evaluation criteria for the Team Lead positions, as listed in the vacancy announcements, were: (1) skill in managing human and financial resources to accomplish research and support objectives; (2) ability to plan, organize, direct and monitor the work of others; (3) skill in written and oral communication, including presentations and briefings to high-level, diverse audiences; and (4) knowledge of information management systems and safety management principles. Dr. McIntyre's written application clearly establishes his qualifications for both positions in all the aforementioned respects.

14. Steve Smith ("Mr. Smith") and Robert Anoll ("Mr. Anoll"), two substantially younger, white employees were selected for the Team Lead positions. However, both Mr. Smith and Mr. Anoll had less seniority and were less qualified than Dr. McIntyre.

15. A comparison of the application packets submitted by Dr. McIntyre, and the two successful candidates shows that Dr. McIntyre's qualifications meet or exceed those of the successful candidates in all four categories of the evaluation criteria.

16. Dr. McIntyre also had greater seniority than either candidate, as he had been working with the Department of Transportation since 1978, and the FAA since 1988. Mr. Smith joined the Agency in September of 1988, while Mr. Anoll did not join the FAA until 2000.

17. Upon knowledge and belief, Mr. Timmons was aware of Dr. McIntyre's prior EEO activity. Additionally, upon knowledge and belief, neither Mr. Anoll, nor Mr.

Smith had filed any EEO complaints at the time of their selection for the positions at issue in this matter.

18.     Currently, all eight management, supervisory, and special assistant for Risk Management, K-band level positions are held by white individuals: seven white males and one white female.

19.     Dr. McIntyre has suffered race discrimination by the Defendant since 1988. Dr. McIntyre has been the victim of a continuing violation of his civil rights under law.

### FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000(e)-5(f), et seq., (Title VII)

20.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

21.     The Defendant discriminated against Plaintiff in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-5(f), et seq., as amended ("Title VII").

22.     The Defendant discriminated against Dr. McIntyre by subjecting him to racial discrimination in employment based on his race, African-American, and his color, black, by denying him promotions to supervisory level positions for which he was qualified in favor of equal or less-qualified white employees.

23.     The Defendant has subjected Dr. McIntyre to a continuing violation of his civil rights by denying his applications for a number of supervisory positions in favor of less-qualified white applicants, dating back to 1988.

24. The Defendant's violation of Title VII injured and damaged the Plaintiff.

25. The Defendant has intentionally, deliberately, willfully, and callously disregarded the rights of Plaintiff.

26. By reason of the Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under 42 U.S.C. § 2000(e)-5(f), et seq.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(e)-5(f), et seq., (Title VII)

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

28. The Defendant retaliated against Plaintiff in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-5(f), et seq., as amended ("Title VII").

29. The Defendant retaliated against Dr. McIntyre for engaging in the protected activity of filing EEO Complaints by denying him promotions to supervisory level positions for which he was qualified in favor of equal or less-qualified employees.

30. The Defendant has subjected Dr. McIntyre to a continuing violation of his civil rights by denying his applications for a number of supervisory positions in favor of less-qualified white applicants, dating back to 1988.

31. The Defendant's violation of Title VII injured and damaged the Plaintiff.

32. The Defendant has intentionally, deliberately, willfully, and callously disregarded the rights of Plaintiff.

33. By reason of the Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under 42 U.S.C. § 2000(e)-5(f), et seq.

## THIRD CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621, et seq., (ADEA)

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

35. The Defendant discriminated against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., ("ADEA").

36. The Defendant discriminated against Dr. McIntyre by subjecting him to discrimination in employment based on his age, 61, by denying him promotions to supervisory level positions for which he was qualified in favor of equal or less-qualified, substantially younger employees.

37. The Defendant's violation of the ADEA injured and damaged the Plaintiff.

38. The Defendant has intentionally, deliberately, willfully, and callously disregarded the rights of Plaintiff.

39. By reason of the Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under 29 U.S.C. § 621, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

A. Declare and adjudge that the Defendant has violated Dr. McIntyre's rights under 42 U.S.C. § 2000(e)-5(f), et seq.;

B. Declare and adjudge that the Defendant has violated Dr. McIntyre's rights under 29 U.S.C. § 621, et seq.;

C. Order the Defendant to immediately cease and desist all racially discriminatory behavior as described in this complaint;

D. Order the Defendant to immediately cease and desist all retaliatory behavior as described in this complaint;

E. Order the Defendant to immediately cease and desist all age-related discriminatory behavior as described in this complaint;

F. Order the Defendant to appoint Dr. McIntyre to a position equivalent to the Supervisory K-Band level positions for which he applied on January 21, 2003;

G. Award Dr. McIntyre back pay;

H. Award Dr. McIntyre nominal damages;

I. Award Dr. McIntyre compensatory damages;

J. Award Dr. McIntyre the costs of this action and reasonable attorneys' fees;

K. Award Dr. McIntyre pre-judgment and post-judgment interest on the foregoing sums; and

L. Award Dr. McIntyre such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues in accordance with the Rules of this Court.

Dated: March 31, 2005

Respectfully submitted,

David W. Sanford, DC Bar No. 457933
Dale L. Graddon, DC Bar No. 490391
**SANFORD, WITTELS & HEISLER, LLP**
2121 K Street, N.W.
Suite 700
Washington, D.C. 20037
Telephone: (202) 942-9124
Facsimile: (202) 628-8189

Grant Morris
**LAW OFFICES OF GRANT E. MORRIS**
2121 K Street, N.W.
Suite 700
Washington, D.C. 20037
Telephone: (202) 486-0678
Facsimile: (202) 628-8189

*Attorneys For Plaintiff*