UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEOFFREY MCINTYRE,** | ) |
|         **Plaintiff,** | ) |
| v. | )Case No: 05-664 ESH |
| **MARY PETERS,** | ) |
|         **Defendant.** | ) |

SETTLEMENT AGREEMENT AND DISMISSAL

THIS SETTLEMENT AGREEMENT AND DISMISSAL (hereinafter the "Agreement") is made and entered into by and between Geoffrey McIntyre (hereinafter the "Employee") and the Department of Transportation and the Federal Aviation Administration (FAA) (hereinafter the "Employer").

BACKGROUND

Employee is an employee at Employer U.S. Department of Transportation and has brought Civil Action 05-664 (ESH) against Employer for violating Title VII of the Civil Rights Act, 42 U.S.C.§§ 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967. The Employer has denied the allegations made by the Employee. The purpose of this Agreement is to settle the above-captioned action and sets forth the parties' respective rights and obligations.

## AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the following mutual promises, covenants and undertakings, the parties agree as follows:

    1.    <u>Monetary and Other Consideration.</u>

        a.    <u>Monetary Payment</u>

Employer will pay to Employee a total sum of One Hundred Thousand Dollars ($100,000.00) which is understood and agreed to represent full payment in full satisfaction of all of Employee's claims in the instant Complaint, including any other damages available to Employee under his civil action or administrative claim, and attorney fees and costs. Employer will complete two wire transfers. One will be to Employee for $50,000 which Employee characterizes as compensatory damages with no taxes withheld. A second will be to Employee's attorneys for $50,000.00, which Employee represents are attorneys' fees and costs. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury. Employer's counsel shall promptly prepare and submit all required documentation to the Department of the Treasury for processing of the payments within ten (10) business days of the Court's approval of this Agreement. Employee bears the responsibility of any tax burden in connection to any monetary payment.

    2.    <u>Covenants and Breach</u>. In consideration of the foregoing, Employee covenants, promises and agrees as follows:

        a.    <u>Dismissal of lawsuits</u>. The parties agree that this is a global settlement of the instant Complaint. Execution of this Agreement by Employee, Employee's

counsel and counsel for the Employer shall constitute a dismissal of this action with prejudice, effective upon execution by the Court, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. The Employee further agrees that this Agreement automatically operates as the withdrawal, with prejudice, and release of any and all other pending EEO formal and informal complaints, grievances, requests for investigation, requests for Congressional inquiries, claims under other administrative procedures, appeals, or lawsuits against the Employer, or any of its current or former employees, that are or may be based upon the facts of his employment with the Department.

        b.    <u>Covenant Not To Sue</u>.  Employee covenants and agrees that he will not now or in the future bring any suit or administrative proceeding against Employer with respect to any matter covered by the instant Complaint, other than an action to enforce Employee's rights under this Agreement.

        3.    <u>General Release and Waiver by Employee</u>.  Employee, for himself and his heirs, executors, administrators, successors and assigns, hereby releases and forever discharges Employer, and its successors, assigns, agents, representatives and employees, from any and all claims and demands of any kind set forth in or related to the instant Complaint, including, but not limited to:

        a.    all claims arising out of, related to or connected in any way with Employer's alleged discrimination and retaliation against Employee (but not including any claim for payment pursuant to or for breach of this Agreement);

b.  all claims of race, color, sex, age, disability, religion, national origin, political affiliation, marital status, personal appearance, sexual orientation, matriculation, family responsibilities or other types of discrimination or retaliation.

This Agreement does not waive or release any claims which may arise after the date that Employee signs this Agreement.

4.  <u>No Admission of Liability</u>.  Execution of this Agreement shall not constitute a finding by the Court or an admission by the Defendant that it violated the any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever. Employer denies that any of its agents, servant, or employees violated any laws or regulations as alleged in the instant Complaint, or that there was any wrongful conduct whatsoever.

5.  <u>Knowing and Voluntary Waiver of Rights and Claims</u>.  By executing this Agreement, Employee represents that he has read this Agreement; that he has had the opportunity to consult the advisor of his choice prior to signing this Agreement; and that he executes this Agreement freely, knowingly, and voluntarily without threat, duress, coercion, or promise of any future consideration.  Employee acknowledges that he has conferred with his attorney prior to executing this Agreement, that he has examined and understands the provisions of 29 U.S.C. sec. 626(f)(1)(A-G), and that the requirements of those provisions are fully met and satisfied in connection with this Agreement.

6.  <u>Governing Law</u>.  The Court shall retain jurisdiction to enforce the terms of this Agreement.

7.  <u>Entire Agreement</u>.  The parties hereto acknowledge that this Agreement sets forth their full and complete understanding with regard to the resolution of the above-captioned civil actions and the claims raised therein.  By executing this Agreement, the parties further acknowledge that they each understand its terms; that such terms are acceptable to each;

against Employer; and that the terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any other case. The terms of this Agreement may not be altered, amended, changed, supplemented, or modified in any manner or degree except by a written instrument signed by each of the parties hereto.

8. Severability

Should any provision of this Agreement become invalid, illegal or unenforceable, that shall not affect the validity or enforceability or any other provisions of this Agreement

Dated: 6/27/07

_____
Geoffrey McIntyre, Plaintiff

Dated: 6/28/07

/s/ David W. Sanford
David W. Sanford, D.C. Bar #457933
Stefanie Roemer, D.C. Bar #464450
Shayna M. Bloom, D.C. Bar #498105
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Ave., N.W. Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780

Counsel for Plaintiff

Dated: _____

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR #98610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR 434122
Assistant United States Attorney

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901

-5-

Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Dated: July- 3-07

/s/ _____
Ray Martinez
OF COUNSEL

Attorneys for Defendant

_____
Peggy Gilligan, Deputy Associate Administrator For
Aviation Safety

SO ORDERED, on this _____ day of _____, 2007.

_____
Judge Ellen Segal Huvelle

-6-

that there are no additional obligations, either written or oral, to be performed by any party beyond those set forth herein; that such terms are final and binding as to all claims related to the instant Complaints that have been brought or could have been advanced on behalf of Employee against Employer; and that the terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any other case. The terms of this Agreement may not be altered, amended, changed, supplemented, or modified in any manner or degree except by a written instrument signed by each of the parties hereto.

8. <u>Severability</u>

Should any provision of this Agreement become invalid, illegal or unenforceable, that shall not affect the validity or enforceability or any other provisions of this Agreement

Dated:_____

_____
Geoffrey McIntyre, Plaintiff

Dated: _____

____/s/__David W.Sanford_____
David W. Sanford, D.C. Bar #457933
Stefanie Roemer, D.C. Bar #464450
Shayna M. Bloom, D.C. Bar #498105
SANFORD, WITTELS & HEISLER, LLP
1666 Connecticut Ave., N.W. Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780

Counsel for Plaintiff

Dated: July 16, 2007

__/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR #98610
United States Attorney

-5-

          /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR 434122
Assistant United States Attorney

       /s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Dated:

          /s
Ray Martinez
OF COUNSEL

Attorneys for Defendant

SO ORDERED, on this _____ day of _____, 2007.

          Judge Ellen Segal Huvelle

-6-